**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **KENNETH KING AND** | § | |
| **BEN KENNEDY** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:21cv1005** |
| | § | |
| **TEXAS A&M ENGINEERING** | § | |
| **EXTENSION SERVICE** | § | |

<u>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO DISMISS (DKT. 6)**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Kenneth King and Ben Kennedy, Plaintiffs in the above entitled and numbered cause, and file this response to Defendant Texas A&M Engineering Extension Service's motion to dismiss (Dkt. 6), and, in support thereof, would respectfully show the Court the following:

**I. Venue Is Proper**

The general venue statute is 28 U.S.C. §1391.

Under 28 U.S.C. §1391(b)(2), venue is proper in a district where a substantial part of the events or omissions giving rise to the claim occurred.

Whether a "substantial part" of an event occurred in a district is usually determined by where the event occurred. *Cottman Transmission Sys. Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994). Also see *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 432 (2d Cir. 2005) (venue not restricted to district where "most substantial" events or omissions occurred).

Venue may be appropriate in more than one district. If this is the case, the court does not inquire which potential forum is the best venue.

Rather the inquiry is whether the district chosen by Plaintiff has a substantial connection to the claim, regardless of whether other forums have greater connections.  See *Pecoraro v. Sky Ranch for Boys, Inc*., 340 F.3d 558, 563 (8th Cir. 2003).

Plaintiff Kenneth King resides in Grayson County, Texas.  King worked from home.  King's working territory was District 8 which included Grayson, Cooke, Collin, Denton, and Fannin Counties, all in the Eastern District, Sherman Division of the U.S. District Court.  See Exhibit A, attached hereto.

King was informed of his lay off by a telephone call to his residence by Assistant Division Director Chris Angerer on or about September 8, 2020.

King utilized his home in Grayson County as his work office.

King was informed by telephone at his Grayson County home that he was being laid off.

These are a substantial part of events or omissions giving rise to the claims which occurred pursuant to 28 U.S.C. §1391 (b)(2).

Venue is proper in this Court.

Therefore, Defendant's motion to dismiss on the basis of improper venue regarding King is without merit and Plaintiffs respectfully urge it be denied.

## II.  28 U.S.C. §1367 Supplemental Jurisdiction

Plaintiff Ben Kennedy resides in Brazos County, in the Southern District of Texas.

Kennedy's claims and King's claims are so related within the original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

Plaintiffs both held the position of Regional Training Manager.  Plaintiffs were the most senior in age and seniority of the Regional Training Managers.

Plaintiffs were the only Regional Training Managers to be laid off.  Both Plaintiffs were either on medical leave or recently returned from leave when Defendant notified them of their lay off.  Both Plaintiffs were notified of their lay off on September 8, 2020.  Gordon Lohmeyer, Division Director, further notified Plaintiffs of their lay off by letter dated September 9, 2020.

28 U.S.C. Section 1367 (a) Supplemental Jurisdiction gives the Court supplemental jurisdiction over claims and parties that are so related they are part of the same cause or controversy.

> **"Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."**

This is the exact case presented here.

Plaintiffs respectfully urge the Court to exercise Supplemental Jurisdiction over Plaintiff Kennedy and his identical claims with Plaintiff King's claims.

### III.  Plaintiffs' Claims Are Not Barred

The United States Supreme Court made clear that all state political subdivisions are subject to the Age Discrimination in Employment Act ("ADEA") regardless of size.  *Mount Lemmon Fire Dist. v. Guido*, 139 S.Ct. 22, 586 U.S. ___ 2018.

> **"In short, the text of the ADEA's definitional provision, also its kinship to the FLSA and differences from Title VII, leave scant room for doubt that**

**state and local governments are "employer[s]" covered by the ADEA regardless of their size."** *Guido* at 27.

*Guido* is the law and overrules any prior holdings to the contrary. Its reasoning would appear to apply to ADA and FMLA claims against state and local governments as well. Congress also specifically created a private cause of action against state governments and their political subdivisions in these statutes as well.

Plaintiffs respectfully urge the Court to deny Defendant's motion to dismiss on the basis of immunity.

## IV.  Defendant's 12(b)(6) Motion

Defendant seeks a dismissal of all claims pursuant to F.R.C.P. 12(b)(6). PageID #:40-46.

The basis for Defendant's motion on each claim is that "Plaintiffs have not alleged any facts to support a prima facie case . . ."

At the motion to dismiss stage of litigation, a plaintiff does not have to submit evidence of a prima facie case of discrimination. *Carter v. Transport Workers Union of America Local 556*, 353 F. Supp. 3d 556 (N.D. Tex. 2019) and *Chhim v. University of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

Plaintiffs need only plead sufficient facts on all the ultimate elements of their claim to make their case plausible. Also see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint contends they were the two most senior and oldest employees in their department.

Plaintiffs were the only employees laid off.

Both Plaintiffs were either on medical leave or recently returned from medical leave when they were laid off.

Both Plaintiffs were subjected to harassment while on medical leave.

Plaintiffs have plead sufficient facts to make their claims plausible.

The issues presented by Plaintiffs require a fact-intensive inquiry reserved for summary judgment or trial.  See *Antoine v. First Student, Inc.*, 713 F.3d 824, 834 (5th Cir. 2013).

Plaintiffs respectfully urge the Court to deny Defendant's motion to dismiss pursuant to Rule 12(b)(6).

### V.  Conclusion and Prayer

For the reasons contained herein, Plaintiffs respectfully urges Defendant's Motion to Dismiss be denied.

**WHEREFORE, PREMISES CONSIDERED**, the above the Plaintiffs respectfully request the Court deny Defendant's motion to dismiss (Dkt. 6); and for such other and further relief, at law or in equity, to which they may justly be entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

/s/   Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 25, 2022, a true and correct copy of the

foregoing was forwarded electronically via the CM/ECF system in accordance with the FEDERAL

RULES OF CIVIL PROCEDURE to:

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
GRANT DORFMAN
Deputy First Assistant General
SHAWN COWLES
Deputy Attorney General for Civil Litigation
THOMAS A. ALBRIGHT
Chief - General Litigation Division
**SCOT M. GRAYDON**
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548


/s/   Ronald R. Huff_____
Ronald R. Huff