IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH KING and BEN KENNEDY<br>*Plaintiffs*, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 4:21-CV-1005 |
| | §<br>§ | |
| TEXAS A&M ENGINEERING<br>EXTENSION SERVICE<br>*Defendant* | §<br>§<br>§ | |

**REPLY BRIEF FOR DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COME Defendant the Texas A&M Engineering Extension Service ("TEEX"), and files this Reply Brief for its Motion to Dismiss.

**I.
INTRODUCTION**

Kenneth King and Ben Kennedy ("Plaintiffs") filed a Complaint on December 29, 2021. (Doc. 1).

TEEX filed its Motion to Dismiss, demonstrating how venue is improper, Plaintiffs' lawsuit is barred by TEEX's sovereign immunity, and how Plaintiffs fail to state a claim upon which relief may be granted under any legal theory. (Doc. 6).

Plaintiffs filed their Response in Opposition on February 25, 2022. (Doc. 13).

Even after Plaintiffs' Response, Plaintiffs do not dispute several reasons their case should be dismissed as a matter of law and are incorrect regarding their understanding of the remaining issues. Plaintiffs' lawsuit presents incurably defective claims against TEEX, and this lawsuit should be dismissed.

## II.
## DISMISSAL IS UNOPPOSED

Under the Local Rules, Plaintiffs are unopposed to the dismissal of claims against TEEX on several grounds. TEEX presented legal and factual reasons why Plaintiffs' claims against it must be dismissed. (Doc. 6). If Plaintiffs oppose dismissal of their claims, they must file a response including "a citation of authorities upon which the party relies." LOCAL RULE CV-7(d). "A party's failure to oppose a motion in the manner prescribed [in Local Rule CV-7(d)] creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." LOCAL RULE CV-7(d).

Here, Plaintiffs do not controvert several of the legal positions of TEEX. In their Response (Doc. 13) Plaintiffs present no argument or legal basis (or citation to authorities) for disputing the following positions presented by TEEX:

1. Plaintiffs do not oppose the dismissal of their FMLA self-care claims lawsuit based on TEEX's sovereign immunity. *See Bryant v. Texas Dept. of Aging and Disability Services*, 781 F. 3d 764, 769 (5th Cir. 2015), citing *Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 321 (5th Cir.2008); *see also Alfred v. Harris County Hospital District*, 666 Fed. Appx. 349 (5th Cir. 2016) (holding "a State enjoys sovereign immunity from suit for an FMLA claim for retaliation based on the self-care provision"). Plaintiffs' suggestion that an opinion addressing an interpretation of a definition of "employer" in the Age Discrimination in Employment Act "would appear to apply to ADA and FMLA claims against state and local governments as well" does not address sovereign immunity, and

any suggestion that it does is absolutely unsupported by any legal authority and is disproven by well-established law as noted *supra*.

2. Plaintiffs do not oppose the dismissal of their claims under the Americans with Disabilities Act based on TEEX's sovereign immunity. It has long been established that, as a matter of law, the Eleventh Amendment bars claims against a state, or its officials brought pursuant to Title I of the ADA. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that title I of the ADA did not validly abrogate state sovereign immunity pursuant to Section Five of the Fourteenth Amendment); *see also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 & n. 7 (5th Cir.2002) (same). Once again, Plaintiffs' suggestion that an opinion addressing an interpretation of a definition of "employer" in the Age Discrimination in Employment Act "would appear to apply to ADA and FMLA claims against state and local governments as well" does not address sovereign immunity, and any suggestion that it does is absolutely unsupported by any legal authority and is disproven by well-established law as noted *supra*.

3. Plaintiffs do not oppose the dismissal of their claims under Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act) based on TEEX's sovereign immunity. "[A]lthough the TCHRA waives Texas's immunity from suits in state court, it does not do so in federal court." *Pequeno v. Univ. of Texas at Brownsville*, 718 F. App'x 237, 241 (5th Cir. 2018).

4. Plaintiffs failed to state a claim for FMLA interference against TEEX for which relief could be granted because Plaintiffs allege no specific facts from which

3

*Reply Brief for Defendant's Motion to Dismiss*

this Court could infer liability on TEEX. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs do not allege or direct the Court to allegations that TEEX denied them the benefits to which they were entitled under the FMLA." *Lanier v. Univ. of Texas Sw. Med. Ctr.*, 527 Fed.Appx. 312, 316 (5th Cir. 2013) (unpublished) (citing *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012)); *Jones v. Children's Hosp.*, 58 F. Supp. 3d 656, 668 (E.D. La. 2014). Instead, Plaintiffs judicially admit that they were granted leave, and one had completed his leave. (Doc. 1, ¶ 23).

5. Plaintiffs failed to state a claim for FMLA retaliation against TEEX for which relief could be granted because Plaintiffs allege no specific facts from which this Court could infer liability on TEEX. Plaintiffs do not identify any place they alleged facts from which this Court could infer "a causal link between the protected activity and the discharge." *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005) (internal quotations, citations omitted); *see also* 29 U.S.C. § 2615(a)(2). Plaintiffs have not identified facts which suggest a causal link between their lay-offs and their FMLA leave.

6. Plaintiffs failed to state a claim under Title I of the Americans with Disabilities Act against TEEX for which relief could be granted because Plaintiffs allege no specific facts from which this Court could infer liability on TEEX. Plaintiffs do not allege facts to identify any disabilities. *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014). Plaintiffs do not meet the burden of alleging that they suggested a reasonable accommodation to their employer but were

denied a reasonable accommodation. *Harville v. Texas A&M Univ.*, 833 F. Supp. 2d 645, 660-61 (S.D. Tex. 2011), citing *Taylor v. Principal Financial Group*, 93 F.3d 155, 165-66 (5th Cir. 1996). Instead, King and Kennedy sought and received accommodations for at least six months (at least as early as March 2020) before the RIF was communicated to them (in September of 2020). (Doc. 1, §§ 13, 17-18, 11, and 16).

7. Plaintiffs failed to state a claim for ADA retaliation against TEEX for which relief could be granted because Plaintiffs allege no specific facts from which this Court could infer a causal connection between their protected act and the adverse action. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). Further, there is no temporal proximity to suggest that there was any connection between the request for accommodation and the termination of employment. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (holding that temporal proximity must be "very close"); *see also Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (C.A.10 1997) (3–month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174–1175 (C.A.7 1992) (4–month period insufficient).

8. Plaintiffs failed to state a claim under the Age Discrimination in Employment Act because Plaintiffs do not allege they were replaced with a person who is not a member of the protected class. *See Tiemeyer v. Quality Pub., Inc.,* 144 F. Supp. 2d 727, 732 (S.D. Tex. 2001) *quoting Brown v. Bunge Corp.,* 207 F.3d 776, 781 (5th Cir.2000).

Because Plaintiffs have the burden to establish the Court's subject matter jurisdiction and plead a claim on which relief can be granted, and because they have failed to do so or oppose those issues in the motion to dismiss, this Court should dismiss claims against the TEEX as unopposed.  FED. R. CIV. P. 12(b)(1) and (6); LOCAL RULE CV-7(d).

## III.
## ISSUES WHICH ARE OPPOSED

Plaintiffs' Response presents two issues which are actually opposed: improper venue and TEEX's sovereign immunity from the Age Discrimination in Employment Act. (Doc. 13).  In support of their positions, Plaintiffs present case law, which is either misinterpreted, or misapplied.  In neither case are Plaintiffs' arguments an accurate depiction of the law on the subjects.

**A.     The ADEA and Immunity**

Plaintiffs' argument about abrogation of states' sovereign immunity under the ADEA is misplaced at best, and misrepresentation to the Court at worst.  Plaintiffs present an out-of-context quote from a Supreme Court case in which the statutory definition of "employers" is clarified, and Plaintiffs suggest that this definition proves a valid abrogation of a state's sovereign immunity from the ADEA.  (Doc. 13, pages 3-4).  It does NOT.  In fact, that case, *Mount Lemmon Fire Dist. v. Guido*, does not involve an assertion of a state's sovereign immunity at all.  139 S. Ct. 22, 26, 202 L. Ed. 2d 262 (2018).  The only reference to immunity is a reference to an overruled 1983 case in which the Supreme Court determined that "applying the ADEA to state and local governments does not encroach on States' sovereignty or Tenth Amendment immunity."  *Id*., citing *EEOC v. Wyoming*, 460 U.S. 226, 240-242, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983).  However, more than 20 years ago in *Kimel v. Fla. Bd. of Regents*, the Supreme Court resolved any confusion by

clarifying that *Wyoming* did NOT address a state's immunity pursuant to the Eleventh Amendment, but that issue would be resolved in *Kimel*:

> **In *EEOC v. Wyoming***, 460 U.S. 226, 243, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), we held that the ADEA constitutes a valid exercise of Congress' power "[t]o regulate Commerce ... among the several States," Art. I, § 8, cl. 3, and that the Act *did not transgress any external restraints imposed on the commerce power **by the Tenth Amendment***… we concluded that it was unnecessary to determine whether the Act also could be supported by Congress' power under § 5 of the Fourteenth Amendment. Resolution of today's cases requires us to decide that question.

*Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (internal citations omitted) (emphasis added). "*Wyoming* addressed the ADEA in the context of the *Tenth Amendment* and Congress's power to regulate interstate commerce. It never so much as mentioned a state's sovereign immunity under the *Eleventh Amendment.* By contrast, *Kimel*—which briefly discusses *Wyoming* in passing—explicitly invalidated '[t]he ADEA's purported abrogation of the States' sovereign immunity.' " *Harriott v. Washington Metro. Area Transit Auth.*, No. CV 19-1656 (TJK), 2019 WL 7066631, at *1 (D.D.C. Dec. 23, 2019), citing *Kimel*, 528 U.S. at 91.

Indeed, the Supreme Court has repeatedly reaffirmed that ("[in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Kimel*, 528 U.S. at 91; *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 537, 122 S. Ct. 999, 1003, 152 L. Ed. 2d 27 (2002). Further, the Fifth Circuit has repeatedly held that "an arm of the state [is] entitled to state sovereign immunity against claims brought under the ADEA." *Edmiston v. Louisiana Small Bus. Dev. Ctr.*, 931 F.3d 403, 407–08 (5th Cir. 2019); *see also Pequeno v. Univ. of Tex. Brownsville*, 718 F. App'x 237, 241 (5th Cir. 2018); *McGarry v. Univ. Miss. Med. Ctr.*, 355 F. App'x 853, 855 (5th

Cir. 2009); *Sullivan v. Univ. Tex. Health Sci. Ctr. Hous. Dental Branch*, 217 F. App'x 391 (5th Cir. 2007).

There was no valid waiver of the states' sovereign immunity in the enactment of the ADEA, and those claims should be dismissed as a matter of law. *See Kimel*, 528 U.S. at 91; *see also Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("neither Congress nor Texas have waived Texas's sovereign immunity from ADEA claims").

**B.    Venue**

Plaintiffs suggests that this venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. (Doc. 13, page 1-2). However, ALL of Plaintiffs claims are directed at decisions made solely in the Southern District of Texas, and communicated to Plaintiffs, one of whom is in the Eastern District. (Doc. 1). Although Plaintiff King worked out of his home, his allegation is that TEEX discriminated and/or retaliated against him through decisions made at the TEEX headquarters, and only AFTER the decisions were made, communicated them to Plaintiff King. (Doc. 1). Allegedly wrongful actions in another venue which are communicated to a plaintiff in this venue should be brought in the originating venue (the Southern District of Texas). *See, e.g., Key v. Pat Robertson*, No. CV H-07-4060, 2008 WL 11462865, at *2 (S.D. Tex. Apr. 7, 2008) ("If Regent did in fact make misrepresentations, they were made in Virginia, even though they were communicated to Plaintiff in Texas"), citing *Renoir v. Hantman's Assoc., Inc.*, Civ. A. No. H-05-4152, 2006 WL 1007481, *9 (S.D. Tex. April 18, 2006). Moreover, ALL of the actions involving Plaintiff Kennedy occurred in Brazos County, in the Southern District of Texas.

In summary, all of the decisions of which the Plaintiffs complain were made in the Southern District of Texas, all of the decision-makers are in the Southern District of Texas, TEEX and (it is safe to assume) the majority of the records regarding Plaintiffs' employment are in the Southern District of Texas, all of the actions and communications involving Plaintiff Kennedy occurred in in the Southern District of Texas, and Plaintiff Kennedy resides in the Southern District of Texas.  There is no way to suggest that the proper venue for this lawsuit is in the Eastern District of Texas, when almost none of the actions (other than receiving communications) occurred in the Eastern District of Texas.

Moreover, for state claims, such as those Plaintiffs are currently bringing under the Texas Labor Code, there is a MANDATORY venue clause requiring the case to be brought in Brazos County.  *See* Tex. Educ. Code § 85.18(b) ("§ 85.18 MANDATORY VENUE: (b) Venue for a suit filed against The Texas A&M University System, any component of The Texas A&M University System, or any officer or employee of The Texas A&M University System is in the county in which the primary office of the chief executive officer of the system or component, as applicable, is located.")  It is undisputed that the primary office for TEEX is in Brazos County, which is in the Southern District of Texas.

## IV.
## CONCLUSION

This Court should dismiss Plaintiffs' claims against Defendant the Texas A&M Engineering Extension Service as described in the Motion to Dismiss (Doc. 6) and hereinabove.  If this case is not dismissed based on improper venue, then it should be transferred the Southern District of Texas.  The Texas A&M Engineering Extension Service has immunity from Plaintiffs' claims and Plaintiffs have failed to state a claim on

which relief may be granted.  Defendant the Texas A&M Engineering Extension Service prays that Plaintiffs take nothing by their suit.

>Respectfully submitted,
>
>KEN PAXTON
>Attorney General of Texas
>
>BRENT WEBSTER
>First Assistant Attorney General
>
>GRANT DORFMAN
>Deputy First Assistant General
>
>SHAWN COWLES
>Deputy Attorney General for Civil Litigation
>
>THOMAS A. ALBRIGHT
>Chief - General Litigation Division
>
>/s/ Scot M. Graydon
>SCOT M. GRAYDON
>Assistant Attorney General
>Texas Bar No. 24002175
>OFFICE OF THE ATTORNEY GENERAL
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>(512) 463-2120 / Fax (512) 320-0667
>Scot.Graydon@oag.texas.gov
>
>*ATTORNEYS FOR THE TEXAS A&M ENGINEERING EXTENSION SERVICE*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Reply Brief for Defendant's Motion to Dismiss* was served on the **4th day of March, 2022**, upon all parties via the EF/CFM system:

>/s/ Scot M. Graydon
>**SCOT M. GRAYDON**
>Assistant Attorney General