# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KENNETH KING and BEN KENNEDY, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> TEXAS A&M ENGINEERING § <br> EXTENSION SERVICE, § <br> § <br> *Defendant.* § | Civil Action No.  4:21-CV-1005 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss (Dkt. #6).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

This is an employment discrimination case that arises from the termination of Plaintiffs Kenneth King and Ben Kennedy by their employer, Defendant Texas A&M Engineering Extension Service ("TEEX") (Dkt. #1).  At the time of their terminations, Plaintiffs were both employed as Regional Training Managers in the TEEX's Emergency Services Training Institute (Dkt. #1). Further, according to Plaintiffs, they both were recovering from medical procedures at the time of their discharge (Dkt. #1 at p. 4).  On December 29, 2021, Plaintiffs filed the instant suit, alleging claims against Defendant for violations of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA"), and the Texas Labor Code (Dkt. #1).

On January 24, 2022, Defendant filed the present motion (Dkt. #6).  On February 25, 2022, Plaintiffs filed a response (Dkt. #13).  On March 4, 2022, Defendant filed a reply (Dkt. #15).

1

**LEGAL STANDARD**

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).

### I.     Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

### II. 12(b)(3) Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

### III. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the

complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## ANALYSIS

In its motion to dismiss, TEEX argues that all of Plaintiffs' claims should be dismissed because: (1) Plaintiffs' claims are barred by Eleventh Amendment Immunity; (2) Plaintiffs filed their complaint in the wrong venue; and (3) Plaintiffs fail to state a claim upon which relief may be granted (Dkt. #6 at p. 1). In response, Plaintiffs argue they have plead sufficient facts to make their claims plausible (Dkt. #13 at p. 5). The Fifth Circuit has made clear that "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. Accordingly, the Court turns to TEEX's jurisdictional attack first—that Plaintiffs' claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (describing sovereign immunity as a threshold jurisdictional inquiry); *see also Jefferson v. La. State Sup. Ct.*, 46 F. App'x 732 (5th Cir. 2002) ("Eleventh amendment immunity

is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.").

## I. Whether Plaintiffs' Claims Are Barred by the Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The immunity protects States from suit by one of its own citizens, as well. *Hans v. Louisiana*, 134 U.S. 1 (1890). Eleventh Amendment immunity is far-reaching and bars both federal and state claims against a State. *Laxey v. La. Bd. of Trs.*, 22 F.3d 621, 623 (5th Cir. 1994) ("The Eleventh Amendment is like a defensive lineman, barring all suits in law or equity against an unconsenting [S]tate."). Thus, under the Eleventh Amendment, suits against a State are barred "unless the [S]tate has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

Eleventh Amendment immunity does not only shield the State itself; it "will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). Indeed, "[c]ourts in this circuit have observed the well-settled principle that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived." *Thomas v. Texas Dep't of Fam. & Protective Servs.*, No. 4:21-CV-00437-O, 2021 WL 4808651, at *3 (N.D. Tex. July 29, 2021) (internal quotations and citations omitted). Here, TEEX is a state agency. *See* TEX. EDUC. CODE § 88.001(5) ("The agencies and services of the Texas A&M University System are . . . (5) the

5

Texas A&M Engineering Extension Service . . . ."). As such, TEEX enjoys the same Eleventh Amendment immunity as the State of Texas itself. *See Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir.), *cert. denied*, 142 S. Ct. 216, 211 (2021) ("Texas A&M is an agency of the State of Texas, so a suit against the former is a suit against the latter.").

Thus, to overcome TEEX's assertion of sovereign immunity for each of their claims, Plaintiffs must show either that Congress has validly abrogated Texas's sovereign immunity or that Texas has waived its sovereign immunity and consented to suit. *Id*. Because Plaintiffs have brought claims under the ADEA, FMLA, ADA, and Texas Labor Code, the Court analyzes these separately in turn. *See Pennhurst*, 465 U.S. at 121 (holding that "[a] federal court must examine each claim in a case" to determine whether it is barred by sovereign immunity).

### A. Plaintiffs' ADEA Claims

Plaintiffs claim TEEX violated the ADEA by discharging them on the basis of age (Dkt. #1 at p. 6). Defendant's motion to dismiss asserts that TEEX is entitled to sovereign immunity on Plaintiffs' ADEA claims because "neither Congress nor Texas have waived Texas's sovereign immunity from ADEA claims" (Dkt. #6 at p. 7) (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals.")). In response, in an attempt to overcome *Kimel*, Plaintiffs rely on *Mount Lemmon Fire District v. Guido*, 139 S. Ct. 22 (2018), arguing that the "Supreme Court [has] made clear that all state political subdivisions are subject to the [ADEA] regardless of size" (Dkt. #6 at p. 3). Thus, Plaintiffs suggest that *Guido* overturned *Kimel*, and, therefore, the States' sovereign immunity has been abrogated for ADEA claims. Indeed, Plaintiffs argue that "*Guido* is the law and overrules any prior holdings to the contrary" (Dkt. #13 at p. 4).

6

However, Plaintiffs' reliance on *Guido* is misplaced. To begin, as Defendant points out, *Guido* does not involve an assertion of a State's sovereign immunity at all. *See Cooper v. Ga. Dep't of Transp.*, No. 1:16-cv-234, 2019 WL 11076203, at *7 (M.D. Ga. Sept. 20, 2019) ("[*Guido*] did not address whether the Eleventh Amendment bars claims against states, and it did not overturn *Kimel* or its progeny."). Rather, the case focuses on the ADEA definition of "employer" and whether the ADEA's "numerosity specification . . . appl[ies] as well to state entities. . . ." *Guido*, 139 S. Ct. at 24. Thus, *Kimel* remains the law, and, as such, there has been no valid abrogation of the States' sovereign immunity by Congress for the ADEA. *See Harriot v. Wash. Metro. Area Transit Auth.*, No. 19-1656, 2019 WL 7066631, at *1 (D.D.C. Dec. 23, 2019) (rejecting argument that *Guido* abrogated state agency's immunity from suit under the ADEA).[1] Accordingly, TEEX cannot be liable pursuant to the ADEA unless Texas has voluntarily waived its immunity. However, "Texas has not voluntarily waived its immunity" for ADEA claims. *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 Fed. App'x. 391, 395 (5th Cir. 2007); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Accordingly, because TEEX is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction of Plaintiffs' ADEA claims as pleaded. The Court turns to whether Plaintiffs' FMLA claims are barred by sovereign immunity.

### B. Plaintiffs' FMLA Claims

Plaintiffs claim TEEX violated the FMLA by interfering with their FMLA leave and by retaliating against them for taking leave (Dkt. #1). More specifically, the Complaint alleges that both Plaintiffs were on or had recently returned from medical leaves of absence, as a result of

---

[1] Plaintiffs also baldly argue that *Guido*'s "reasoning would appear to apply to ADA and FMLA claims against state and local governments as well" (Dkt. #13 at p. 4). The Court disagrees. Besides the fact that the ADEA is an entirely different statute from the ADA and FMLA, as explained, Plaintiffs' arguments misinterpret the implications of the decision in *Guido*.

7

surgical procedures and were harassed and discharged as a result thereof (Dkt. #1 ¶ 12, 15). Thus, though not cited in Plaintiffs' Complaint, the Court construes Plaintiffs' allegations as falling within the scope of 29 U.S.C § 2612(a)(1)(D)—often referred to as the "self-care" provision of the FMLA.[2] That Plaintiffs' FMLA claims involve their own medical conditions—as opposed to another family member's—is key because "Congress has validly abrogated states' sovereign immunity with respect to the FMLA's family-care provision[,]"[3] but "has not done so with respect to the statute's self-care provision." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015). Thus, Plaintiffs "cannot rely on abrogation to overcome Texas's sovereign immunity from [their] FMLA claim[s]." *Sullivan*, 986 F.3d at 595. Moreover, Plaintiffs have failed to show that Texas waived its sovereign immunity under the FMLA. *See id.* at 599 (finding that Texas has not waived its sovereign immunity under the FMLA); *see also Thomas*, 2021 WL 4808651, at *4 ("Here, no clear or express indication that [Texas] waived its sovereign immunity [under the FMLA] exists and [p]laintiff failed to provide any evidence of such intent."). Thus, Texas "may still assert an Eleventh Amendment immunity defense against claims based on [the self-care] provision." *Bryant*, 781 F.3d at 769.

Accordingly, because sovereign immunity bars Plaintiffs' FMLA interference and retaliation claims, as pleaded, the Court lacks subject matter jurisdiction over these claims. The Court turns to Plaintiffs' ADA claims.

---

[2] The self-care provision provides, in pertinent part, that: "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.A. § 2612(a)(1)(D).

[3] The family-care provision provides that some employees are entitled to leave "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C.A. § 2612(a)(1)(C).

### C. Plaintiffs' ADA Claims

Plaintiffs also allege that TEEX violated the ADA by discharging them on the basis of their disabilities or perceived disabilities (Dkt. #1 at p. 7). Again, though Plaintiffs do not specify, the Court presumes they bring their claims under Title I of the ADA—instead of Title II. That is because "[u]nlike Title I of the ADA, Title II does not create a cause of action for employment discrimination." *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015). Yet, the fact that Plaintiffs' claims are based on Title I of the ADA is fatal. Indeed, though the ADA purports to abrogate the States' sovereign immunity, "the Supreme Court has held that Congress exceeded its constitutional abrogation authority in enacting" Title I of the ADA. *Sullivan*, 986 F.3d at 596 (citing *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that Congress did not validly abrogate State sovereign immunity under Title I of the ADA)).[4] Further, Plaintiffs have failed to show that Texas knowingly waived its immunity to suit. *See Sullivan*, 986 F.3d at 596 (finding plaintiff failed to show that Texas has waived its sovereign immunity under the ADA).

Thus, sovereign immunity bars the Plaintiffs' ADA claims as pleaded, and the Court lacks jurisdiction over them. The Court turns to Plaintiffs' last claims—their claims under the Texas Labor Code.

### D. Plaintiffs' Texas Labor Code Claims

Plaintiffs also bring age and disability discrimination claims under Chapter 21 of the Texas Labor Code, formerly known as the Texas Commission on Human Rights Act (the "TCHRA") (Dkt. #1). *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 437 (5th Cir. 2012) (stating that the Texas

---

[4] It is somewhat unclear whether Plaintiffs also bring retaliation claims under the ADA. However, "Title V itself does not abrogate a [S]tate's sovereign immunity. Instead, a plaintiff may bring a retaliation claim against a state entity only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity of the particular [S]tate." *Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 619 (5th Cir. 2020) (quotation omitted). Thus, "[b]ecause [Plaintiffs'] underlying Title I claim[s] [are] barred by sovereign immunity, so too [are their] Title V claim[s]." *Sullivan*, 986 F.3d at 598 n.3.

Labor Code was formerly known as TCHRA). However, as with Plaintiffs' other claims, the Court lacks subject matter jurisdiction over them. First, "[t]here is no suggestion that Congress has abrogated sovereign immunity with respect to claims under the Texas Labor Code." *Pendleton v. Prairie View A & M Univ.*, 121 F. Supp. 3d 758, 762–63 (S.D. Tex. 2015). Second, while "the TCHRA waives Texas's immunity from suit in state court, [it] does not [do so] in *federal* court." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002). Thus, any claims under the Texas Labor Code may not be brought in federal court. *See Hernandez v. Tex. Dep't of Hum. Serv.*, 91 Fed. Appx. 934, 935 (5th Cir. 2004) (per curiam); *see also Sullivan*, 986 F.3d at 599. Accordingly, the Court lacks jurisdiction over Plaintiffs' Texas Labor Code claims.

For these reasons, the Court finds that, as pleaded, Plaintiffs' claims under the ADEA, FMLA, ADA, and Texas Labor Code are barred by the Eleventh Amendment. As such, the Court lacks subject matter jurisdiction over them. *See* FED. R. CIV. P. 12(b)(1).

**II.    Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id*. Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id*. The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc*., 283 F.3d 282, 286 (5th Cir. 2002).

Here, the Court finds it appropriate to give Plaintiffs an opportunity to amend their complaint to fix any deficiencies within fourteen (14) days of this Order.[5] However, if Plaintiffs do not amend their Complaint to raise a proper claim against a party over whom this Court has jurisdiction within 14 days of this Order, this lawsuit will be dismissed.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #6) is hereby **DENIED.**

It is further **ORDERED** that Plaintiffs have fourteen (14) days to file an amended complaint to cure the defects in their complaint.

**IT IS SO ORDERED**.

**SIGNED this 28th day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Plaintiffs' Complaint mentions a request for reinstatement briefly (Dkt. #1 at p. 12). While a potential exception to sovereign immunity exists for reinstatement, the exception applies only to individual officers and not to state agencies like TEEX. *See Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) ("To fall within the *Ex parte Young* exception to sovereign immunity, however, a plaintiff must name individual state officials as defendants in their official capacities."); *see also Bryant*, 781 F.3d at 769 ("[T]he *Ex parte Young* exception . . . is limited to certain claims against state employees acting in their official capacities.").