IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **KENNETH KING AND BEN KENNEDY,** § § | | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL ACTION NO. 4:21cv1005 |
| **TEXAS A&M ENGINEERING EXTENSION SERVICE; JOHN SHARP, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE TEXAS A&M UNIVERSITY SYSTEM; DAVID COATNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AGENCY DIRECTOR OF TEXAS A&M ENGINEERING EXTENSION SERVICE; GORDON LOHMEYER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIVISION DIRECTOR – EMERGENCY SERVICES TRAINING INSTITUTE; CHRIS ANGERER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT DIVISION DIRECTOR – EMERGENCY SERVICES TRAINING INSTUTUTE,** | § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Kenneth King ("hereinafter "King") and Ben Kennedy ("hereinafter "Kennedy") (hereinafter collectively "Plaintiffs"), and file this first amended complaint against Texas A&M Engineering Extension Service (hereinafter "TEEX"); John Sharp, individually and in his official capacity as Chancellor of the Texas A&M University System (hereinafter "Sharp"); David Coatney, individually and in his official capacity as Agency Director of Texas A&M

Engineering Extension Service (hereinafter "Coatney"); Gordon Lohmeyer, individually and in his official capacity as Division Director – Emergency Services Training Institute (hereinafter "Lohmeyer"); and Chris Angerer, individually and in his official capacity as Assistant Division Director – Emergency Services Training Institute (hereinafter "Angerer") (collectively hereinafter "Defendants") and would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff Kenneth King is an individual residing in Grayson County, Texas.

2. Plaintiff Ben Kennedy is an individual residing in Brazos County, Texas.

3. Defendant Texas A&M Engineering Extension Service ("TEEX") is a governmental entity doing business in Texas and may be served by serving its agency director David Coatney, P.O. Box 40006, 200 Technology Way, College Station 77842; The Texas A&M University System, The Office of the General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896; and the Office of the Attorney General, General Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548 and 300 W. 15th Street, Austin, Texas 78701. **Service has been perfected on Defendant Texas A&M Engineering Extension Service.**

4. Defendant John Sharp is sued as an individual and in his official capacity as Chancellor of the Texas A&M University System, a governmental entity doing business in Texas and may be served at Moore/Connally Building, 7th Floor, 301 Tarrow Street, College Station, Texas 77840-7896; The Texas A&M University System, The Office of the General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896; and the Office of the Attorney General, General Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548 and 300 W. 15th Street, Austin, Texas 78701.

5.     Defendant David Coatney is sued as an individual and in his official capacity as the Agency Director of the Texas A&M Engineering Extension Service, a governmental entity doing business in Texas and may be served at P.O. Box 40006, 200 Technology Way, College Station 77842; The Texas A&M University System, The Office of the General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896; and the Office of the Attorney General, General Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548 and 300 W. 15th Street, Austin, Texas 78701.

6.     Defendant Gordon Lohmeyer is sued as an individual and in his official capacity as the Division Director of Emergency Services Training Institute ("ESTI") of the Texas A&M Engineering Extension Service, a governmental entity doing business in Texas and may be served at P.O. Box 40006, 200 Technology Way, College Station 77842; The Texas A&M University System, The Office of the General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896; and the Office of the Attorney General, General Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548 and 300 W. 15th Street, Austin, Texas 78701.

7.     Defendant Chris Angerer is sued as an individual and in his official capacity as the Assistant Division Director of Emergency Services Training Institute ("ESTI") of the Texas A&M Engineering Extension Service, a governmental entity doing business in Texas and may be served at P.O. Box 40006, 200 Technology Way, College Station 77842; The Texas A&M University System, The Office of the General Counsel, Moore/Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896; and the Office of the Attorney General, General Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548 and 300 W. 15th Street, Austin, Texas 78701.

## II. JURISDICTION

8. Jurisdiction is founded on federal question, specifically 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act, "FMLA"), as amended; 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990, "ADA"), as amended; Section 504 of the Rehabilitation Act, as amended; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

9. All prerequisites to filing suit have been met.

## III. FACTS

10. Plaintiff Kenneth King was employed by Texas A&M Engineering Extension Service ("TEEX") for over twenty-three (23) years. For approximately eight years prior to his discharge effective on October 9, 2020, he was employed as a Regional Training Manager in its Emergency Services Training Institute ("ESTI"). At the time of his discharge, Plaintiff was 67 years of age.

11. Plaintiff Ben Kennedy was employed by Texas A&M Engineering Extension Service ("TEEX") for over twenty-nine (29) years. For approximately eight years prior to his discharge effective on October 9, 2020, he was employed as a Regional Training Manager in its Emergency Services Training Institute ("ESTI"). At the time of his discharge, Plaintiff was 70 years of age.

12. Upon information and belief, Defendant TEEX had fifty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the FMLA.

13. Upon information and belief, Defendant TEEX had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

14.     Upon information and belief, Defendant TEEX had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADA.

15.     On or about September 8, 2020, Defendant Chris Angerer, Assistant Division Director - ESTI, telephoned King and informed him he was being laid off as part of a reduction in force (RIF), effective October 9, 2020.  In a letter dated September 9, 2020, Defendant Gordon Lohmeyer, Division Director – ESTI, described the terms of the lay off.

16.     Prior to his involuntary separation, King was subjected to harassment relating to medical leaves of absence (MLOA) to undergo surgical procedures.  King duly requested and was approved for these MLOAs.

17.     In March 2020, King received and submitted a doctor's note from his physician excusing him from travel due to underlying health conditions which classified him as high risk of complications if he developed COVID-19.  King's age also placed him at high risk for complications if he developed COVID-19.

18.     At the time, TEEX staff were deploying to distribute PPE (personal protective equipment) to emergency responders.

19.     On or about September 8, 2020, Defendant Gordon Lohmeyer, Division Director – ESTI, telephoned Kennedy and asked him to come into the office immediately.  Kennedy reminded Lohmeyer he was working from home while recovering from knee surgery in August and was on pain meds and could not operate a motor vehicle.  He offered to come in the next day when his son would be available to drive him.

20.     At the meeting the next day, Lohmeyer informed Kennedy he was being laid off as part of a reduction in force (RIF), effective October 9, 2020.  In a letter dated September 9, 2020, Lohmeyer

described the terms of the lay off.

21. In March 2020, Kennedy informed his supervisor, Harvie Cheshire, that he was classified at high risk for complications if he developed COVID-19 due to his age and health condition.

22. At the time, TEEX staff were deploying to distribute PPE (personal protective equipment) to emergency responders. Mr. Cheshire excused Kennedy from the deployment.

23. Upon information and belief, King and Kennedy were the only employees subject to the RIF.

24. King and Kennedy possessed the most seniority with TEEX by far, 23 years and 29 years, respectively, and as Regional Training Managers. They were also the oldest Regional Training Managers.

25. Upon information and belief, the following younger employees, with less seniority were NOT subject to the RIF:

    1. Michael Cole, approximate age 38 years;
    2. Tommy Jacobs, approximate age 45-55 years;
    3. Dallas Renfrew, approximate age 61 years;
    4. Tony Lenard, approximate age 50-55 years;
    5. Henry Perry, approximate age 50-55 years; and
    6. Darren Smith, approximate age 50-55.

26. King and Kennedy had at least three times the seniority of the Regional Training Managers retained, with the exception of Dallas Renfrew.

27. Both King and Kennedy were recovering from medical procedures at the time of discharge. Both were on or had recently returned from medical leaves of absence.

28. Both were subject to harassment while on medical leave.

29. The evidence is clear that TEEX consciously chose to target the two most senior employees, in both age and seniority, to discharge. Compounding this unconscionable decision, TEEX also targeted the only two employees recently granted medical leaves of absence.

30. At the time of his discharge, King was earning approximately $79,640.00 per annum plus benefits.

31. At the time of his discharge, Kennedy was earning approximately $80,360.00 per annum plus benefits.

32. Plaintiffs contends that Defendants violated 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act, "FMLA"), as amended; 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990, "ADA"), as amended; Section 504 of the Rehabilitation Act, as amended; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act, "FMLA"), as amended

33. Plaintiffs incorporates the factual allegations contained in paragraphs 10-32 herein as if set out verbatim.

34. Plaintiffs name as Defendants for their FMLA claims Gordon Lohmeyer and Defendant Chris Angerer as individuals.

35. Plaintiffs would show Lohmeyer's and Angerer's conduct as set forth above constitutes a violation of 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act, "FMLA"), as amended.

36. Plaintiffs would show that Lohmeyer and Angerer discharged them in violation of the FMLA.

37. Plaintiffs would show Lohmeyer and Angerer retaliated against Plaintiffs for seeking and utilizing FMLA leave by discharging Plaintiffs.

38. Plaintiffs claim all relief, legal and equitable, that effectuate their rights under 29 U.S.C. § 2601, *et seq*. (The Family Medical and Leave Act, "FMLA"), as amended.

39. Plaintiffs request reasonable attorney's fees as permitted under 29 U.S.C. § 2601, *et seq*. (The Family Medical and Leave Act, "FMLA"), as amended.

40. In addition to Count I, or in the alternative, Plaintiffs allege as follows:

## COUNT II

## Violations of 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

41. Plaintiffs incorporate the factual allegations contained in paragraphs 10-32 herein as if set out verbatim.

42. Plaintiffs name as Defendants for the ADEA claims John Sharp in his official capacity, David Coatney in his official capacity, Gordon Lohmeyer in his official capacity, and Chris Angerer in his official capacity.

43. Plaintiffs would show were discharged in violation of 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiffs from discrimination on the basis of age.

44. King was 67 years of age at the time of his removal as Regional Training Manager.

45. King was well qualified for the position of Regional Training Manager based upon his education, training, and eight years of experience as a Regional Training Manager and 23 years with TEEX.

46. Sharp, Coatney, Lohmeyer, and Angerer's eventual stated reason for discharging King as a reduction in force ("RIF") is purely pretextual, as King performed his job duties in an acceptable manner.

47.     Kennedy was 70 years of age at the time of his removal as Regional Training Manager.

48.     Kennedy was well qualified for the position of Regional Training Manager based upon his education, training, and eight years of experience as a Regional Training Manager and 29 years with TEEX.

49.     Sharp, Coatney, Lohmeyer, and Angerer's eventual stated reason for discharging Kennedy as a reduction in force ("RIF") is purely pretextual, as Kennedy performed his job duties in an acceptable manner.

50.     Plaintiffs claim reinstatement and all relief, legal and equitable, that effectuate their rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

51.     Plaintiffs request reasonable attorney's fees and court costs as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

52.     On or about December 14, 2020, King filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, King received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

53.     On or about January 20, 2021, Kennedy filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, Kennedy received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

54.     In addition to Counts I and II, or in the alternative, Plaintiffs alleges as follows:

## COUNT III

## Violations of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990, "ADA"), as amended

55. Plaintiffs incorporates the factual allegations contained in paragraphs 10-32 herein as if set out verbatim.

56. Plaintiffs name as Defendants for the ADA claims John Sharp in his official capacity, David Coatney in his official capacity, Gordon Lohmeyer in his official capacity, and Chris Angerer in his official capacity.

57. Plaintiffs allege that they were discharged in violation of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990, "ADA"), as amended, protecting Plaintiffs from discrimination in the workplace on the basis of their disability or perceived disability.

58. King was 67 years of age at the time of his removal as Regional Training Manager.

59. King was well qualified for the position of Regional Training Manager based upon his education, training, and eight years of experience as a Regional Training Manager and 23 years with TEEX.

60. Sharp, Coatney, Lohmeyer, and Angerer's eventual stated reason for discharging King as a reduction in force ("RIF") is purely pretextual, as King performed his job duties in an acceptable manner.

61. Kennedy was 70 years of age at the time of his removal as Regional Training Manager.

62. Kennedy was well qualified for the position of Regional Training Manager based upon his education, training, and eight years of experience as a Regional Training Manager and 29 years with TEEX.

63. Sharp, Coatney, Lohmeyer, and Angerer's eventual stated reason for discharging Kennedy as a reduction in force ("RIF") is purely pretextual, as Kennedy performed his job duties in an acceptable manner.

64. Plaintiffs claim reinstatement and all relief, legal and equitable, that effectuate their rights under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990, "ADA"), as amended.

65. Plaintiffs request reasonable attorney's fees and court costs as permitted under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990, "ADA"), as amended.

66. On or about December 14, 2020, King filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, King received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

67. On or about January 20, 2021, Kennedy filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, Kennedy received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

68. In addition to Counts I, II, and III, or in the alternative, Plaintiffs alleges as follows:

## COUNT IV

### Violations of 29 U.S.C. §791, *et seq*. (The Rehabilitation Act of 1973), as amended

69. Plaintiffs incorporates the factual allegations contained in paragraphs 10-32 herein as if set out verbatim.

70. Plaintiffs would show upon information and belief that Defendant TEEX has and does receive financial assistance from the Federal Government and has thereby waived immunity from Section 504 claims.

71. Plaintiffs would show their disabilities were a motivating factor for discrimination including their discharge in violation of the Rehabilitation Act.

72. Plaintiffs seek all damages, legal and equitable, that effectuate their rights under 29 U.S.C. §791, *et seq.* (The Rehabilitation Act of 1973), as amended.

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051, *et seq.*

A. **Discrimination on the Basis of Age**

73. Plaintiffs incorporates the factual allegations contained in paragraphs 10-32 herein as if set out verbatim.

74. King was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting King from discrimination on the basis of age.

75. King was 67 years of age at the time of his termination by Defendants.

76. King was well qualified for the position of Regional Training Manager for Defendants based upon his education, training, and eight years of experience as Regional Training Manager in ESTI for Defendant and 23 years with TEEX.

77. Any reason Defendants may offer for discharging King as Regional Training Manager is purely pretextual, as King performed his job duties in an acceptable manner.

78. Kennedy was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Kennedy from discrimination on the basis of age.

79. Kennedy was 70 years of age at the time of his termination by Defendants.

80. Kennedy was well qualified for the position of Regional Training Manager for Defendants based upon his education, training, and eight years of experience as Regional Training Manager in ESTI and 29 years with TEEX.

81. Any reason Defendants may offer for discharging Kennedy as Regional Training Manager is purely pretextual, as Kennedy performed his job duties in an acceptable manner.

82. Plaintiffs claim all relief, legal and equitable that effectuate their rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

83. Defendants' conduct in terminating Plaintiffs was done intentionally and with malice. Accordingly, Plaintiffs claim all damages as authorized by TEX. LABOR CODE § 21.2585.

84. Plaintiffs request reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

85. On or about December 14, 2020, King filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, King received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

86. On or about January 20, 2021, Kennedy filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, Kennedy received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

**B.     Discrimination on the Basis of Disability or Perceived Disability**

87. Plaintiffs incorporate the factual allegations contained in paragraphs 10-32 herein as if set out verbatim.

88. Plaintiffs were discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiffs from discrimination based on a disability or perceived disability.

89. King was well qualified for the position of Regional Training Manager for Defendants based upon his education, training, and eight years of experience as Regional Training Manager in ESTI and 23 years with TEEX.

90. Any reason Defendants may offer for discharging King as Regional Training Manager is purely pretextual, as King performed his job duties in an acceptable manner.

91. Kennedy was well qualified for the position of Regional Training Manager for Defendants based upon his education, training, and eight years of experience as Regional Training Manager in ESTI and 29 years with TEEX.

92. Any reason Defendants may offer for discharging Kennedy as Regional Training Manager is purely pretextual, as Kennedy performed his job duties in an acceptable manner.

93. Plaintiffs were discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiffs from discrimination on the basis of a disability or perceived disability.

94. Plaintiffs claim all relief, legal and equitable that effectuate their rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

95. Defendants' conduct in terminating Plaintiffs was done intentionally and with malice. Accordingly, Plaintiffs claim all damages as authorized by TEX. LABOR CODE § 21.2585.

96. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

97. On or about December 14, 2020, King filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, King received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

98. On or about January 20, 2021, Kennedy filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 26, 2021, Kennedy received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 26, 2021.

## VI. DAMAGES

99. Plaintiffs would show that they have sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendants' wrongful conduct.

100. Plaintiffs claim all relief at law and in equity pursuant to amended 29; U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act, "FMLA"), as amended; 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990, "ADA"), as amended; and Section 504 of the Rehabilitation Act, as amended.

101. Plaintiffs claim all relief, legal and equitable that effectuate their rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

102. Defendants' conduct in terminating Plaintiffs was done intentionally and with malice. Accordingly, Plaintiffs claim all damages as authorized by TEX. LABOR CODE § 21.2585.

## VII. ATTORNEY'S FEES

103. Plaintiffs would show that, as a result of Defendants' wrongful conduct as set forth herein, they are entitled to reasonable and necessary attorneys' fees.

## VIII. JURY DEMAND

104. Plaintiffs request that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that upon final hearing hereof, Plaintiffs have judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; liquidated damages; mental anguish; reasonable attorneys' fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiffs may show themselves justly entitled.

        Respectfully submitted,

        **RONALD R. HUFF**
        Attorney and Counselor at Law
        112 South Crockett Street
        Sherman, Texas 75090
        (903) 893-1616 (telephone)
        (903) 813-3265 (facsimile)
        ronhuff@gcecisp.com

        /s/ Ronald R. Huff
        Ronald R. Huff (SBN 10185050)

        **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 12, 2022, a true and correct copy of the foregoing was forwarded electronically via the CM/ECF system in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to:

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
GRANT DORFMAN
Deputy First Assistant General
SHAWN COWLES
Deputy Attorney General for Civil Litigation
THOMAS A. ALBRIGHT
Chief - General Litigation Division
**SCOT M. GRAYDON**
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

        /s/ Ronald R. Huff
        Ronald R. Huff