IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH KING and BEN KENNEDY<br>　　*Plaintiffs*,<br><br>V.<br><br><br>TEXAS A&M ENGINEERING<br>EXTENSION SERVICE<br>　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:21-CV-1005 |

### THE TEXAS A&M ENGINEERING EXTENSION SERVICE'S FIRST AMENDED MOTION TO DISMISS

TO THE HONORABLE AMOS L. MAZZANT, III:

NOW COMES Defendant the Texas A&M Engineering Extension Service ("TEEX"), by and through the undersigned Assistant Attorney General, and files its First Amended Motion to Dismiss, and respectfully shows the Court as follows:

### I.
### INTRODUCTION

Kenneth King and Ben Kennedy ("Plaintiffs") filed a Complaint on December 29, 2021. (Doc. 1).

The Court recognized that all of Plaintiff's claims against TEEX were barred by the Eleventh Amendment to the U.S. Constitution. (Doc. 16). As a result, "the Court lacks subject matter jurisdiction over them. See FED. R. CIV. P. 12(b)(1)." (Doc. 16, p. 10). However, the Court afforded Plaintiffs the chance to amend their Complaint.

Plaintiffs amended their Complaint, bringing claims against other co-defendants and bringing a claim against TEEX for violation of the Rehabilitation Act (Doc. 16, p. 11-12) and

reasserting their same claims under the Texas Labor Code (Doc. 16, p. 12-14), despite the fact that the claims are barred as a matter of law.

Plaintiff's claims against TEEX must be dismissed because:

1. Plaintiffs filed their complaint in the wrong venue;

2. Plaintiffs' Labor Code claims are barred by Eleventh Amendment Immunity; and

3. Plaintiffs fail to state a claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

**A.    Motion to Dismiss under Federal Rule 12(b)(3)**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C § 1406(a). Venue is "wrong" or "improper" when it does not satisfy the requirements of 28 U.S.C §1391, which governs venue in all civil actions brought in federal district courts. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013). The case must fall within one of 28 U.S.C. §1391(b)'s stated categories. If it does not, then it must be dismissed or transferred under 28 U.S.C. §1406(a). *Id.* A civil action may be brought in (1) a judicial district where any defendant resides or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §1391(b). Only if neither of these applies can a case be brought in a different district where the defendant is subject to personal jurisdiction. *Id*. The court may transfer the cases to the appropriate venue, if such transfer would be in the interests of justice. 28 U.S.C. §1406(a).

"There is a split of authority among federal courts and in the Fifth Circuit with regard to which party bears the burden of establishing venue on a Rule 12(b)(3) motion to dismiss for improper venue." *Lawson v. United States Dep't of Just.*, 527 F. Supp. 3d 894, 896 (N.D. Tex. 2021), quoting *Victory Renewables, LLC v. Energy Trading Co., LLC*, No. 3:18-cv-00456-L (BT), 2019 WL 2539209, at *3 (N.D. Tex. Feb. 8, 2019), *report and recommendation adopted sub nom. Victory Renewables, LLC v. Energy Trading Co., LLC*, No. 3:18-CV-456-L, 2019 WL 2540738 (N.D. Tex. Mar. 6, 2019). "It appears, however, that once a defendant has moved to dismiss based on improper venue, the majority of courts place the burden of establishing venue on the plaintiff." *Lawson*, 527 F. Supp. 3d at 896 (citations omitted); see also *Sada v. Multimatic, Inc.*, No. 2:04-CV-110 (DF), 2005 WL 8160773, at *3 (E.D. Tex. May 17, 2005) ("under the majority view, the standard of review for Rule 12(b)(3) motions to dismiss requires that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff"). "Further, as at least one court has noted, '[t]his approach may be considered the better view because it is consistent with the plaintiff's threshold obligation to show that the case belongs in the particular district court in which suit has been instituted.' " *Lawson*, at 896, citing *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 n.2 (W.D. Tex. 2016) (citing 14D Charles Alan Wright, et al., Federal Practice & Procedure § 3826 (4th ed. 2013)) (internal quotation marks omitted);

**B.    Motion to Dismiss under Federal Rule 12(b)(1) and (6)**

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), and if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6).

3

A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## III.
## ARGUMENT AND AUTHORITIES

**A.     Improper Venue**

28 U.S.C. §1391 establishes proper venue in federal courts. A civil action may be brought in the district where the defendant resides, a district in which a substantial part of the events or omissions giving rise to the claim occurred, or if neither applies, a judicial district which has personal jurisdiction over the defendant. 28 U.S.C.A. § 1391. Here, Plaintiffs failed to meet their burden to allege facts to demonstrate that proper venue is in the Eastern District of Texas, because the proper venue is the Southern District of Texas.

**1.     All Defendants resides in the Southern District of Texas**

Defendant TEEX is a part of the Texas A&M University System. *See* TEX. EDUC. CODE § 88.001(5). TEEX is located in the city of College Station in Brazos County (Doc. 17, ¶ 3), in the

4

Southern District of Texas. *See Am. Traffic Sols., Inc. v. B&W Sensors LLC*, No. 1:12-CV-504, 2013 WL 12138770, at *1 (E.D. Tex. Jan. 14, 2013) (TTI is part of Texas A&M University and is located in College Station, Texas. College Station is in the Southern District of Texas"). The same is true of the individual defendants. (Doc. 17, ¶¶ 4-7).

### 2. A substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas

While each Regional Training Manager resides in his or her own region, the management decisions which gave rise to the claims in this suit occurred in Brazos County. As a result, the vast majority of any records regarding employment decisions would be in the Southern District of Texas. Moreover, one of the two plaintiffs (Ben Kennedy) resides in Brazos County, in the Southern District of Texas. (Doc. 17, ¶ 2). Kennedy came into the office in College Station where the decision to terminate his employment was communicated to him. (Doc. 1, ¶¶ 15-16). No "substantial part" of this litigation occurred in the Eastern District of Texas. Interestingly, Plaintiffs choose to omit this judicial admission in their Amended Complaint (Doc. 17), but have previously judicially admitted that Defendant Lohmeyer "asked [Plaintiff Kennedy] to come into the office immediately" and when Kennedy could not come into the office until the next day, was informed he was being laid off: "[a]t the meeting the next day, Mr. Lohmeyer informed Kennedy he was being laid off as part of a reduction in force." (Doc. 1, ¶¶ 15-16). This omission is a transparent attempt to manipulate the venue of this case.

**B.    Plaintiffs' Texas Labor Code claims are barred by the Eleventh Amendment**

This is a settled issue, as this Court has already told Plaintiffs "any claims under the Texas Labor Code may not be brought in federal court" and that "the Court lacks jurisdiction over

Plaintiffs' Texas Labor Code claims" because they "are barred by the Eleventh Amendment." (Doc. 16, p. 10) (citations omitted).

It is well-settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies (such as TEEX), regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984).

"[A]lthough the TCHRA waives Texas's immunity from suits in state court, it does not do so in federal court." *Pequeno v. Univ. of Texas at Brownsville*, 718 F. App'x 237, 241 (5th Cir. 2018), citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002); *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 Fed.Appx. 391, 394 (5th Cir. 2007) (holding that none of the discrimination provisions of the Texas Labor Code [§§ 21.005, 21.201(a), 21.100, 21.204(b), and 21.211] contains the requisite "clear declaration" of consent by Texas to be sued in federal court).

Because TEEX is immune from Plaintiffs' claims under the Texas Labor Code based on sovereign immunity via the Eleventh Amendment, those claims must be dismissed for lack of subject matter jurisdiction as a matter of law, pursuant to FED. R. CIV. P. 12(b)(1).

**B.     Plaintiffs Fail to State a Claim for Which Relief May Be Granted**

Plaintiffs do not state a claim against TEEX for which relief may be granted. In this instance, Plaintiffs' allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level." *Iqbal*, 129 S.Ct. at 1949. Accordingly, their claims must be dismissed, pursuant to FED. R. CIV. P. 12(b)(6).

### 1. Rehabilitation Act Claims

Rehabilitation Act claims are also analyzed under the *McDonnell Douglas* burden-shifting framework. *Cohen v. Univ. of Tex. Health Sci. Ctr.*, 557 F. App'x 273, 277 (5th Cir. 2014). To establish a *prima facie* case of discrimination under the Rehabilitation Act, "a plaintiff must prove that (1) he is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) an adverse employment decision was made 'solely by reason of her or his disability.' " *Hous. v. Tex. Dep't of Agric.*, 17 F.4th 576, 585-86 (5th Cir. 2021); *McKay v. Johanns*, 265 F. App'x 267, 268 (5th Cir. 2008) (citing 29 U.S.C. § 794(a) and *Hileman v. City of Dall.*, 115 F.3d 352, 353 (5th Cir. 1997)).

A "disability" is defined in relevant part as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A); 29 U.S.C. § 705(20)(B). "An impairment is substantial if it 'substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.' " *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 318 (5th Cir. 2013), citing 29 C.F.R. § 1630.2(j)(1)(ii).

#### a. Plaintiff King

Plaintiff King does not allege facts from which the Court could infer liability on the part of TEEX with respect to discrimination under the Rehabilitation Act.

Plaintiff King does not identify a specific impairment to his major life activities. (Doc. 17). "[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 619 (5th Cir.2009) (citing 29 C.F.R. § 1630.2(j); *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir.1998)). Plaintiff King does make the conclusory assertion, with absolutely no facts from

which the conclusion could be reached, that he "was subjected to harassment relating to medical leaves of absence (MLOA) to undergo surgical procedures." (Doc. 17, ¶ 16). Plaintiff also alleges he received a doctor's note excusing him from travel in March of 2020. These are not "disabilities" under the law.

Further, Plaintiff King's pleadings do not support an inference of liability, because he judicially admits that his employer, TEEX, actually approved his leave, rather than taking any action against him. (Doc. 17, ¶ 16: "King duly requested and was approved for these MLOAs"). Moreover, Plaintiff King does not allege any connection between his doctor's note and his inclusion in the reduction in force, which took place six months later. (Doc. 17, ¶¶ 15 and 17).

Finally, Plaintiff King's Amended Complaint does not support the conclusion that any adverse employment decision was made "solely by reason of her or his disability." (Doc. 17). Not only were his requests for accommodation allowed (Doc. 17, ¶¶ 16-17), but there are no factual allegations to suggest that the decision to include Plaintiff King in the reduction in force was related in any way to a disability. There is no temporal proximity, there are no factual allegations, there is nothing presented from which the Court could reach the purely conclusory assertion that discrimination occurred on the basis of disability. (Doc. 17).

Further, Plaintiff suggests that any adverse employment decision was not "solely by reason of her or his disability" when he suggests that he was included in the reduction in force because of his age and seniority. (Doc. 17, ¶¶ 74 and 24-25).

    b. **Plaintiff Kennedy**

Like Plaintiff King, Plaintiff Kennedy does not present a disability. Plaintiff Kennedy indicates that he was "recovering from knee surgery" at the time he was informed of his inclusion in the reduction in force. (Doc. 17, ¶¶ 19-20). However, as a matter of law, knee surgery is not a

"disability" under the Rehabilitation Act. *See Evans v. City of Dallas*, 861 F.2d 846, 852 (5th Cir.1988) ("Evans argues that he has a claim under the Act because one of the alleged reasons for his discharge was his excessive absenteeism resulting from a knee injury which required surgery. The district court correctly concluded that Evans is not an individual with a handicap within the meaning of the Rehabilitation Act"). Plaintiff Kennedy further alleges that he informed his supervisor that he was "at risk" for complications from COVID-19 due to age and undefined "health conditions." (Doc. 17, ¶ 21). These are not disabilities, and do not present facts from which the Court could infer liability for TEEX in basing any action on disabilities.

Like Plaintiff King, the Amended Complaint does not support the conclusion that any adverse employment decision regarding Plaintiff Kennedy was made "solely by reason of her or his disability." (Doc. 17). Not only was his request for accommodation allowed (Doc. 17, ¶ 22), but there are no factual allegations to suggest that the decision to include Plaintiff Kennedy in the reduction in force was related in any way to a disability.

The Court cannot reach the inference that any adverse employment decision related to Plaintiff Kennedy was made "solely by reason of her or his disability" when it suggests he was included in the reduction in force because of his age and seniority. (Doc. 17, ¶¶ 78 and 24-25).

**2. Texas Labor Code Claims**

This Court has already recognized it does not have jurisdiction over Plaintiffs' claims under the Texas Labor Code: "Plaintiffs also bring age and disability discrimination claims under Chapter 21 of the Texas Labor Code, formerly known as the Texas Commission on Human Rights Act (the "TCHRA") … the Court lacks jurisdiction over Plaintiffs' Texas Labor Code claims." (Doc. 16, p. 9-10).

## IV.
## CONCLUSION

This Court should dismiss Plaintiff's claims against TEEX as described hereinabove. If this case is not dismissed based on improper venue, then it should be transferred the Southern District of Texas. The Texas A&M Engineering Extension Service has immunity from Plaintiffs' Labor Code claims and Plaintiffs have failed to state a claim against TEEX on which relief may be granted. Defendant the Texas A&M Engineering Extension Service prays that Plaintiffs take nothing by their suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief - General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR THE TEXAS A&M ENGINEERING EXTENSION SERVICE*

## CERTIFICATE OF SERVICE

    I certify that a copy of the above *Defendant's First Amended Motion to Dismiss* was served on the **25th day of July, 2022**, upon all parties via the EF/CFM system:

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General