# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KENNETH KING and BEN KENNEDY, § § *Plaintiffs,* § v. § § TEXAS A&M ENGINEERING § EXTENSION SERVICE et al., § § *Defendants.* § | Civil Action No. 4:21-cv-01005 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is The Texas A&M Engineering Extension Service's First Amended Motion to Dismiss (Dkt. #23). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

This is an employment discrimination case that arises from the termination of Plaintiffs Kenneth King ("King") and Ben Kennedy ("Kennedy") by their employer, Defendant Texas A&M Engineering Extension Service ("TEEX"). Plaintiffs were longtime employees of TEEX with each occupying the position of Regional Training Manager in TEEX's Emergency Services Institute in their final years of employment. In October 2020, Plaintiffs were laid off as part of a reduction in force at TEEX. According to Plaintiffs, TEEX terminated both employees because of their age and the fact that they were recently granted medical leaves of absence from their jobs.

On December 29, 2021, Plaintiffs filed the current lawsuit against TEEX and alleged causes of action for violations of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA"), and the Texas Labor Code (Dkt. #1). TEEX filed a motion to dismiss the complaint, which the Court

denied. *King v. Tex. A&M Eng'g Extension Serv.*, No. 4:21-CV-1005, 2022 WL 2328853, at *1 (E.D. Tex. June 28, 2022). While the Court reasoned that TEEX enjoyed sovereign immunity over Plaintiffs' claims, the Court granted Plaintiffs leave to amend their complaint. *Id.* at *3–6.

Now, Plaintiffs bring causes of action against multiple defendants, alleging claims under the FMLA, ADEA, ADA, the Rehabilitation Act of 1973 ("Rehabilitation Act"), and the Texas Labor Code (Dkt. #17). As to TEEX, Plaintiffs solely allege causes of action under the Texas Labor Code and the Rehabilitation Act (Dkt. #17 ¶¶ 69–98).[1] On July 25, 2022, TEEX filed the pending motion and argues that the Court should dismiss Plaintiffs' case against it under Federal Rules of Civil Procedure 12(b)(3), 12(b)(1), and 12(b)(6) (Dkt. #23). On August 18, 2022, Plaintiffs responded (Dkt. #30), which TEEX replied to on September 1, 2022 (Dkt. #33).

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(3)

A party may challenge venue by asserting that venue is improper in a responsive pleading or by filing a motion. FED. R. CIV. P. 12(b)(3). A court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laport*, 536 F.3d 439, 449 (5th Cir. 2008)). Additionally, when resolving the matter on the pleadings, the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco*, 570 F.3d at 237–38). If venue is improper, the Court must dismiss, "or if it be in the interest of justice,

---

[1] Plaintiffs also allege that the other named defendants in this case, John Sharp, David Coatney, Gordon Lohmeyer, and Chris Angerer, violated the Texas Labor Code (Dkt. #17 ¶¶ 73–98).

transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

## II. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## III. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or

elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

In its motion, TEEX avers that Plaintiffs' complaint must be dismissed on several grounds, including that (1) the Eastern District of Texas is an improper forum, (2) the Court lacks subject matter jurisdiction over Plaintiffs' claims under the Texas Labor Code due to TEEX's sovereign immunity, and (3) Plaintiffs fail to state a claim under the Rehabilitation Act. Plaintiffs offer that this Court is a proper forum, and that they alleged sufficient facts showing a plausible claim for relief under the Rehabilitation Act. Because the Court finds that (1) Plaintiffs' claims under Chapter 21 of the Texas Labor Code are barred by the Eleventh Amendment and (2) Plaintiffs fail to state a plausible claim for relief under the Rehabilitation Act, the Court will grant TEEX's motion.

### I. Plaintiffs' Texas Labor Code Claims

First, the Court addresses Plaintiffs' age and disability discrimination claims against TEEX under Chapter 21 of the Texas Labor Code. As TEEX points out—and as the Court has already determined earlier in this case—the Court lacks subject matter jurisdiction over Plaintiffs' claims because TEEX enjoys sovereign immunity. *King*, 2022 WL 2328853, at *5–6. Therefore, the claims will be dismissed.

Although the Court has fully explained why Plaintiffs' claims are barred by sovereign immunity, it will do so again here. *Id.* To start, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The immunity protects States from suit by one of its own citizens, as well. *Hans v. Louisiana*, 134 U.S. 1 (1890). Eleventh Amendment immunity is far-reaching and bars both federal and state claims against a State. *Laxey v. La. Bd. of Trs.*, 22 F.3d 621, 623 (5th Cir. 1994) ("The Eleventh Amendment is like a defensive lineman, barring all suits in law or equity against an unconsenting [S]tate."). Thus, under the Eleventh Amendment, suits against a State are barred "unless the [S]tate has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

Eleventh Amendment immunity does not only shield the State itself; it "will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). Indeed, "[c]ourts in this circuit have observed the well-settled principle that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived." *Thomas v. Texas Dep't of Fam. & Protective Servs.*, No. 4:21-CV-00437-O, 2021 WL 4808651, at *3 (N.D. Tex. July 29, 2021) (internal quotations and citations omitted). Here, TEEX is a state agency. *See* TEX. EDUC. CODE § 88.001(5) ("The agencies and services of the Texas A&M University System are . . . (5) the Texas A&M Engineering Extension Service . . . ."). As such, it enjoys the same Eleventh Amendment

immunity as the State of Texas itself. *See Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir.), *cert. denied*, 142 S. Ct. 216, 211 (2021) ("Texas A&M is an agency of the State of Texas, so a suit against the former is a suit against the latter."). Thus, to overcome TEEX's assertion of sovereign immunity for the Texas Labor Code claims, Plaintiffs must show either that Congress has validly abrogated Texas's sovereign immunity or that Texas has waived its sovereign immunity and consented to suit. *Id.*

In the Court's prior opinion dealing with TEEX's original motion to dismiss, it thoroughly explained why neither exception applies to Plaintiffs' Texas Labor Code claims. *King*, 2022 WL 2328853, at *5–6. This is because "there is no suggestion that Congress has abrogated sovereign immunity with respect to claims under the Texas Labor Code . . . [and] while [Chapter 21 of the Texas Labor Code] waives Texas's immunity from suit in state court, it does not do so in *federal* court." *King*, 2022 WL 2328853, at *5 (cleaned up) (citations omitted).

One would like to believe that Plaintiffs might advance some argument for why the Court should stray from its prior opinion this time around. Inexplicably, they do not. And the Court's stance has not changed: the Court holds Plaintiffs' Texas Labor Code claims against TEEX are barred by sovereign immunity. *See id.* at *5–6. Plaintiffs' Labor Code claims as to TEEX are dismissed.

## II. Plaintiffs' Rehabilitation Act Claims

Next, the Court turns to Plaintiffs' claims under the Rehabilitation Act. Plaintiffs allege TEEX violated Section 504 of the Rehabilitation Act because their disabilities were a motivating factor for discrimination, including their discharge, at TEEX (Dkt. #17 ¶¶ 69–72). TEEX posits that Plaintiffs have not alleged sufficient facts showing they are entitled to relief because neither Plaintiff has identified a "disability" as required for a Rehabilitation Act and Plaintiffs do not allege

7

that TEEX discriminated against them solely by reason of their disabilities. Thus, the Court should dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

"Section 504 of the Rehabilitation Act prohibits 'any program or activity receiving Federal financial assistance' from discriminating against disabled individuals." *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 218 (5th Cir. 2018) (quoting 29 U.S.C. § 794(a)). To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must show (1) he is an individual with a disability, (2) who is otherwise qualified, (3) who worked for a program or activity receiving federal financial assistance, and (4) that he was discriminated against solely by reason of his disability. *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585–86 (5th Cir. 2021) (citations omitted).

Even assuming Plaintiffs have disabilities that fall under the Rehabilitation Act, their claims are insufficient as a matter of law because their complaint does not suggest that they were discriminated against solely because of their disabilities. As stated above, Section 504's causation element requires a plaintiff to demonstrate that he was discriminated against solely by reason of his disability. *Houston*, 17 F.4th at 586. Importantly, a plaintiff's disability cannot be just a motivating factor for the discrimination—it must be the *sole* reason for such discrimination. *Id*; *Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008).

In their Amended Complaint, Plaintiffs clearly state that they "would show their disabilities were a *motivating factor* for discrimination including their discharge in violation of the Rehabilitation Act" (Dkt. #17 ¶ 71) (emphasis added). This admission clearly undercuts Plaintiffs' discrimination claims as a matter of law. *See Pinkerton*, 529 F.3d at 516; *Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F. Supp. 3d 681, 705 (N.D. Tex. 2014) (dismissing Rehabilitation Act claim for failure to plead facts showing discrimination was undertaken solely because of plaintiff's

8

disability). Plaintiffs' Amended Complaint even suggests their discharge was not solely by reason of their disabilities, as Plaintiffs allege: "The evidence is clear that TEEX consciously chose to target the two most senior employees, in both age and seniority, to discharge . . . [and] TEEX also targeted the only two employees recently granted medical leaves of absence" (Dkt. #17 ¶ 29). That Plaintiffs' disabilities were a motivating factor for discrimination is insufficient for recovery under the Rehabilitation Act—the disability must be the sole cause of the discrimination to be entitled to relief. And, simply put, Plaintiffs have not alleged that is the case. Nor have Plaintiffs tried to argue otherwise in response to TEEX's motion to dismiss. Accordingly, Plaintiffs' Rehabilitation Act claims must be dismissed. *See Pinkerton*, 529 F.3d at 516; *Shah*, 54 F. Supp. 3d at 705.

## CONCLUSION

It is therefore **ORDERED** that The Texas A&M Engineering Extension Service's First Amended Motion to Dismiss (Dkt. #23) is hereby **GRANTED.**

The Clerk is directed to terminate Texas A&M Engineering Extension Service as a Defendant to this case.

**IT IS SO ORDERED.**

**SIGNED this 27th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE