# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KENNETH KING and BEN KENNEDY, § § *Plaintiffs,* § v. § § TEXAS A&M ENGINEERING § EXTENSION SERVICE et al., § § *Defendants.* § | Civil Action No. 4:21-cv-01005 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Gordon Lohmeyer and Chris Angerer's Expedited Motion for Clarification (Dkt. #52). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**. The Court clarifies as follows: Plaintiffs' monetary relief claims under the Age Discrimination in Employment Act ("ADEA") are dismissed without prejudice; Defendants' motion to dismiss Plaintiffs' claims for equitable relief under the ADEA is denied.

## BACKGROUND

The extensive background of this case is more fully set out in the Court's Memorandum Opinion and Order granting in part and denying in part Defendants John Sharp, David Coatney, Gordon Lohmeyer, and Chris Angerer's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #50). Briefly, this is an employment discrimination case that arises from the termination of Plaintiffs Kenneth King ("King") and Ben Kennedy ("Kennedy") by their employer Texas A&M Engineering Extension Service ("TEEX"). Plaintiffs were longtime employees of TEEX with each occupying the position of Regional Training Manager in TEEX's Emergency Services Training Institute ("ESTI") in their final years of employment. King was 67 years of age with eight years of

1

experience as Regional Training Manager and 23 years of experience with TEEX. Kennedy was 70 years of age with eight years of experience as Regional Training Manager and 29 years of experience with TEEX.

On September 8, 2020, Defendant Chris Angerer ("Angerer") informed King that he was being laid off as part of a reduction in force ("RIF") at TEEX. Defendant Gordon Lohmeyer ("Lohmeyer") sent King a letter with the details of the layoff shortly thereafter. On the same day that King was informed about the RIF, Lohmeyer informed Kennedy that he was part of the RIF at TEEX as well.

King and Kennedy were the oldest Regional Training Managers at TEEX and the only employees subject to the RIF. The following similarly situated, younger employees were not subject to the RIF: Michael Cole, approximate age 38 years; Tommy Jacobs, approximate age 45-55 years; Dallas Renfrew, approximate age 61 years; Tony Lenard, approximate age 50-55 years; Henry Perry, approximate age 50-55 years; and Darren Smith, approximate age 50-55 years. King and Kennedy had at least three times the seniority of the Regional Training Managers retained, apart from Dallas Renfrew. According to Plaintiffs, TEEX terminated them because of their age and the fact that they were recently granted medical leaves of absence from their jobs.

In its Memorandum Opinion and Order entered on June 30, 2023, this Court dismissed Plaintiffs' claims under Chapter 21 of the Texas Labor Code against Defendants in their official capacities without prejudice; dismissed Plaintiffs' claims under the Americans with Disabilities Act ("ADA") and ADEA against Defendants John Sharp and David Coatney without prejudice; and dismissed Plaintiffs' claims under the ADA and Family and Medical Leave Act ("FMLA") against Defendants Angerer and Lohmeyer with prejudice (Dkt. #50 at p. 22). The Court also

ordered that Defendants John Sharp and David Coatney be terminated as Defendants in this case (Dkt. #50 at p. 22).

On August 4, 2023, Defendants Lohmeyer and Angerer filed their Expedited Motion for Clarification (Dkt. #52) requesting that the Court rule on Plaintiffs' ADEA claims against Lohmeyer and Angerer. On August 14, 2023, the Court ordered that Plaintiffs file a response to the pending motion clarifying: 1) if they are still pursuing claims for monetary damages under the ADEA; and 2) why their ADEA claims should not otherwise be dismissed under Rule 12(b)(6) (Dkt. #53). On August 22, 2023, Plaintiffs filed their Response to the Court's Order and to Defendants Lohmeyer and Angerer's Expedited Motion for Clarification (Dkt. #56).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the

3

complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

4

# ANALYSIS

## I.     Monetary Damages under the ADEA

In their motion for clarification, Defendants Lohmeyer and Angerer indicate that Plaintiffs agreed monetary relief claims under the ADEA are barred by the Eleventh Amendment (Dkt. #52 at p. 2). In response, Plaintiffs confirmed that they are in fact no longer pursuing claims for monetary damages under the ADEA against Defendants Lohmeyer and Angerer (Dkt. #56 at p. 2). Accordingly, Plaintiffs claims for monetary damages under the ADEA are dismissed without prejudice.

## II.    Equitable Relief under the ADEA against Defendants Lohmeyer and Angerer

Defendants Lohmeyer and Angerer point out that the Court did not specifically address their motion to dismiss for failure to state a claim as to the equitable relief sought by Plaintiffs under the ADEA (Dkt. #52 at p. 2). In their motion to dismiss, Defendants argue that Plaintiffs have not alleged facts to suggest that their age was the but-for cause of their inclusion in the RIF (Dkt. #40).

To establish a prima facie case of discriminatory treatment based on age, Plaintiffs are required to prove: "1) they are within the protected class; 2) they are qualified for the position; 3) they suffered an adverse employment decision; and 4) they were replaced by someone younger or treated less favorably than similarly situated younger employees (*i.e.*, suffered from disparate treatment because of membership in the protected class)." *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013) (citation omitted). The protected class, as defined by statute, includes individuals who are at least forty years old. *Id.* at 411; *see* 29 U.S.C. § 631(a). Moreover, Plaintiffs must prove that their age was the but-for cause of the adverse employment action. *Leal*, 731 F.3d at 401.

Though Plaintiffs' Amended Complaint alleges few facts, Plaintiffs state a claim for which relief may be granted. Plaintiffs King and Kennedy allege they were 67 and 70 respectively at the time of their termination (Dkt. #17 at p. 12). In other words, they are within the protected class of individuals under 29 U.S.C. § 631(a). King is alleged to be well-qualified for his position of Regional Training Manager based upon his education, training, and eight years of experience as Regional Training Manager in ESTI and 23 years with TEEX (Dkt. #17 at p. 12). Kennedy is alleged to be well qualified for the position of Regional Training Manager based upon his education, training, and eight years of experience as Regional Training Manager in ESTI and 29 years with TEEX (Dkt. #17 at p. 12). Both King and Kennedy suffered an adverse employment decision—they were discharged (Dkt. #17 at p. 5). And King and Kennedy both specifically allege they were treated less favorably than similarly situated younger individuals (Dkt. #17 at p. 6). They also contend they were the oldest Regional Training Managers and the only employees subject to the RIF (Dkt. #17 at p. 6).

Plaintiffs King and Kennedy's case is not unlike *Flores v. Select Energy Services, L.L.C.*, 486 F.App'x. 429 (5th Cir. 2012) (per curiam) (unpublished). In *Flores*, the employer argued that Flores failed to allege a plausible age discrimination claim because "his only factual allegation [was] that some younger employees were not fired after vehicular accidents," unlike him. *Id.* at 432. Nevertheless, the Fifth Circuit reasoned that Flores' factual allegations of "(1) being fired immediately after his accident, in contrast with similarly situated younger employees not being fired after being involved in such accidents, and (2) [the employer's] transmitting an improper job reference, are sufficiently plausible to support a claim of age discrimination at the Rule 12(b)(6) stage of this case." *Id.* at 433.

Similarly here, factual allegations that six younger, Regional Training Managers were not a part of the RIF, and the two oldest Regional Training Managers were indeed the only employees subject to the RIF are sufficient to support a claim under the ADEA at this stage.

Accepting Plaintiffs' allegations as true and viewing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have stated plausible claims for relief. Therefore, Defendants' motion to dismiss Plaintiffs' ADEA claims for equitable relief should be denied.

## CONCLUSION

It is **ORDERED** that Defendants' Motion for Clarification is **GRANTED**, and Plaintiffs' claims for monetary damages under the ADEA are dismissed without prejudice.

It is further **ORDERED** that Defendants' motion to dismiss Plaintiffs' ADEA claims seeking equitable relief is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 26th day of January, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE